IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CASANDRA ANN HERNANDEZ,<br><br>**Plaintiff,**<br><br>v.<br><br>MERRICK GARLAND, Attorney General of the United States,<br><br>**Defendant.** | CIVIL NO. 21-1091 (JAG) |

## OPINION AND ORDER

GARCIA-GREGORY, D.J.

Pending before the Court is Defendant's Motion for Summary Judgment, Docket No. 47; Plaintiff Casandra Ann Hernandez's ("Plaintiff") Response in Opposition, Docket No. 65; and Defendant's Reply, Docket No. 71. For the following reasons, the Motion for Summary Judgment is hereby **GRANTED** and Plaintiff's case is hereby **DISMISSED WITH PREJUDICE.**

## STANDARD OF REVIEW

A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). A fact is disputed if it could be resolved in favor of either party, and material if it potentially affects the outcome of the case. *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986)).

The movant bears the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Once the moving party has properly supported

CIVIL NO. 21-1091 (JAG)                                                                                    2

[its] motion for summary judgment, the burden shifts to the nonmoving party." *Santiago-Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52 (1st Cir. 2000) (quoting *DeNovellis v. Shalala*, 124 F.3d 298, 306 (1st Cir. 1997)). The non-movant must demonstrate "through submissions of evidentiary quality [] that a trial worthy issue persists." *Iverson v. City of Bos.*, 452 F.3d 94, 98 (1st Cir. 2006) (citations omitted).

In evaluating a motion for summary judgment, the Court views the entire record "in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." *Winslow v. Aroostook Cty.*, 736 F.3d 23, 29 (1st Cir. 2013) (quoting *Suarez v. Pueblo Int'l, Inc.*, 229 F.3d 49, 53 (1st Cir. 2000)). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina-Rivera v. MVM, Inc.*, 713 F.3d 132, 134 (1st Cir. 2013) (quoting *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990)). The Court cannot make credibility determinations or weigh the evidence, as these are jury functions and not those of a judge. *See Anderson*, 477 U.S. at 255.

## ANALYSIS[1]

There are only two issues before this Court: (i) whether Plaintiff was unlawfully terminated in retaliation for engaging in protected conduct under Title VII and (ii) whether Plaintiff was unlawfully terminated in violation of the Civil Service Reform Act. Docket No. 1 at 34-35. The Court shall address each in turn.

---

[1] The Court has only credited facts properly supported by specific and accurate record citations in accordance with Local Civil Rule 56(e). Moreover, "[t]he court [has] no independent duty to search or consider any part of the record not specifically referenced in the [P]arties' separate statement of facts." Local Civil Rule 56(e); *see Carreras v. Sajo, Garcia & Partners*, 596 F.3d 25, 31 (1st Cir. 2010). Plaintiff has not shown the existence of genuine issues of material fact precluding summary judgment. The facts relevant to each claim shall be discussed throughout the analysis.

CIVIL NO. 21-1091 (JAG)                                                                      3

## I.   Title VII Retaliation

Title VII prohibits discrimination against employees because they have (1) "opposed any practice made an unlawful employment practice" by Title VII or (2) "made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To establish a *prima facie* case of retaliation, Plaintiff must show that (1) she engaged in conduct protected by Title VII; (2) she experienced an adverse employment action; and (3) a causal connection exists between the protected conduct and the adverse employment action. *Henderson v. Mass. Bay Transp. Auth.*, 977 F.3d 20, 39 (1st Cir. 2020) (citation omitted). Plaintiff "must establish that [her] protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Tex. S.W. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013). The burden then shifts to Defendant to demonstrate that there was a nondiscriminatory reason for the employment decision. *Douglas v. J.C. Penney Co., Inc.*, 474 F.3d 10, 14 (1st Cir. 2007). If Defendant meets its burden, Plaintiff must show that the non-discriminatory reason was merely a pretext for discrimination. *Id*.

Plaintiff contends that Defendant retaliated against her for engaging in protected conduct, namely "repeated requests for medical-reasonable accommodation, the filing of various administrative complaints with the DEA's EEO denouncing discrimination and reprisals, the filing of complaints with the DoJ-OIG, and the filing of a judicial complaint with this court." Docket Nos. 1 at 34; 65 at 21. First, requesting reasonable accommodation is not "a practice made an unlawful employment practice" *by* Title VII and thus does not constitute protected conduct for purposes of the anti-retaliation provision in this statute. Likewise, the filing of a criminal complaint for disturbance of the peace, unrelated to discrimination, does not constitute conduct protected under the statute. *See Ledeaux v. Veterans Admin.*, 29 M.S.P.R. 440, 444 (1985). Thus, the

CIVIL NO. 21-1091 (JAG)                                                                4

only conduct qualifying as protected activity under Title VII are Plaintiff's EEO complaints and

the filing of an employment discrimination complaint, *see* Civ. No. 17-2280.

Plaintiff's Complaint refers to an EEO complaint filed on or around December 2015,[2] and

a complaint filed with DOJ-OIG on or around June 2017.[3] Docket No. 1 at 5, 12. However, Plaintiff

has not put forth evidence sustaining these allegations. The remaining EEO complaints are the

November 2016 EEO complaint and the September 2017 EEO complaint. Docket Nos. 1 at 8, 16; 48

at 3; 66 at 2. Moreover, Plaintiff filed a civil complaint on November 6, 2017. Docket No. 48 at 4.

While these qualify as protected conduct under Title VII, Plaintiff has failed to establish a causal

nexus between this activity and her termination three years later in August 2020, especially since

Plaintiff does not allege that any retaliatory or discriminatory act occurred after June 2018. *See*

Docket No. 1; 65 at 10-13; 67. Plaintiff has not presented "evidence of differential treatment in the

workplace, statistical evidence showing disparate treatment, temporal proximity of an

employee's protected activity to an employer's adverse action, or comments by Defendant which

intimate a retaliatory mindset." *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 828 (1st Cir. 1991). Absent any

other evidence establishing a causal nexus, Plaintiff's protected conduct is also too remote to

support the existence of retaliatory animus at the time of Plaintiff's termination. *See Clark Cnty. Sch.*

---

[2] Plaintiff alleges that she complained about age and disability discrimination, as well as retaliation. Docket No. 1 at 5. While age and disability discrimination are prohibited by the ADEA and ADA, this is not "a practice made an unlawful employment practice" *by* Title VII.

[3] According to Plaintiff's allegations, she "complained about ASAC Joseph's intention to change the memoranda on the IMPREST Fund audit to make her responsible for SA Philip Jones' overage" and "about SAC Donahue's refusal to provide reasonable accommodation." Docket No. 1 at 12. Moreover, "Ms. Hernandez denounced that SAC Donahue was unduly influencing EEO Counselor Goode to deny accommodations. And that ASAC Joseph was using his influence over the agents to have them file an informal EEO complaint against Plaintiff." *Id.* This complaint contains no mention of discrimination prohibited by Title VII.

CIVIL NO. 21-1091 (JAG)                                                                              5

*Dist. v. Breeden*, 532 U.S. 268, 273 (2001) ("The cases that accept mere temporal proximity between

an employer's knowledge of protected activity and an adverse employment action as sufficient

evidence of causality to establish a prima facie case uniformly hold that the temporal proximity

must be 'very close' . . . [An] [a]ction taken (as here) 20 months later suggests, by itself, no

causality at all."); *Calero-Cerezo v. U.S. Dep't of Just.*, 355 F.3d 6, 25 (1st Cir. 2004) ("Three and four

month periods have been held insufficient to establish a causal connection based on temporal

proximity.") (citations omitted).

Additionally, Defendant has established a nondiscriminatory reason for the employment

decision, and Plaintiff has not met her burden of showing that the reason is pretextual. By October

2017, Plaintiff had been "directed on numerous occasions over the past year to communicate with

ASAC Joseph in person and/or by phone, not by sending him text messages." Docket Nos. 48-11;

48-6 at 3. Plaintiff admitted that she repeatedly failed to follow these instructions. Docket Nos.

48, ¶¶ 24-27, 36-38, 41, 47-49; 66, ¶¶ 24-27, 36-38, 41, 47-49. This establishes a legitimate,

nondiscriminatory reason for Plaintiff's termination, and Plaintiff has not shown by a

preponderance of the evidence that this reason was a sham.

Accordingly, Plaintiff's retaliation claim is hereby **DISMISSED WITH PREJUDICE**.

## II.   Civil Service Reform Act

When reviewing MSPB decisions, "[t]he district court reviews the discrimination and

retaliation claims *de novo* and reviews the nondiscrimination claims on the administrative record.

With respect to non-discrimination claims, an MSPB decision must be affirmed unless it is found

to be (1) arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the

law; (2) obtained without procedures required by law, rule or regulation having been followed; or

CIVIL NO. 21-1091 (JAG)                                                                          6

(3) unsupported by substantial evidence." *Robinson v. Duncan*, 775 F. Supp. 2d 143, 157 (D.D.C. 2011)

(cleaned up); *see Sher v. U.S. Dep't of Veterans Affs.*, 488 F.3d 489, 499 (1st Cir. 2007); *Jenkins v. Merit*

*Sys. Prot. Bd.*, 911 F.3d 1370, 1373 (Fed. Cir. 2019). "Findings of fact underlying the [MSPB]'s

jurisdictional decision are reviewed for substantial evidence. Substantial evidence is more than a

mere scintilla of evidence, but less than the weight of the evidence." *Jenkins*, 911 F.3d at 1373

(cleaned up); *see also Jones v. Dep't of Health & Hum. Servs.*, 834 F.3d 1361, 1368 (Fed. Cir. 2016)

("Witness credibility determinations are virtually unreviewable.") (cleaned up).

Plaintiff contends that the insubordination charge was not established by a

preponderance of the evidence and that her termination exceeded the maximum reasonable

penalty. Docket No. 65 at 13-19. However, Plaintiff has admitted the facts underlying the

insubordination charge. Plaintiff admitted that she repeatedly failed "to communicate with ASAC

Joseph in person and/or by phone, not by sending him text messages," despite being instructed to

do so on multiple occasions. Docket Nos. 48, ¶¶ 24-27, 36-38, 41, 47-49; 66, ¶¶ 24-27, 36-38, 41,

47-49. Plaintiff "also admitted in her interview with OPR that she was insubordinate and

intentionally did not follow the directive of SAC Donahue." Docket No. 48-17 at 3. Thus, it is

uncontested that Plaintiff willfully and intentionally refused to obey an order from a superior

officer. *See Phillips v. Gen. Servs. Admin.*, 878 F.2d 370, 373 (Fed. Cir. 1989) ("Insubordination by an

employee is a willful and intentional *refusal* to obey an authorized order of a superior officer which

the officer is entitled to have obeyed."). Plaintiff, however, contends that her actions did not

constitute insubordination because the instruction was unreasonable and illegal. The Court is

hard-pressed to find that a simple instruction as to the preferred method of communication

between an employee and a supervisor can be considered unreasonable or unlawful, especially

since there is no evidence that other employees were treated differently in this respect or that the

**CIVIL NO.** 21-1091 (JAG)                                                              7

request was burdensome. Moreover, there is no evidence on the record that Plaintiff ever objected

to this instruction or complained that the instruction was unlawful, burdensome, or otherwise

inappropriate.

As to the MSPB's determination that Plaintiff's termination did not exceed the maximum

reasonable penalty, when reviewing agency-imposed penalties,

> the Board must give due weight to the agency's primary discretion
> in maintaining employee discipline and efficiency, recognizing that
> the Board's function is not to displace management's responsibility,
> but to ensure that management judgment has been properly
> exercised. It is not the Board's role to decide what penalty it would
> impose, but, rather, to determine whether the penalty selected by
> the agency exceeds the maximum reasonable penalty.

*Campbell v. Dep't of Army*, 2016 WL 6609697 (M.S.P.B. Nov. 2, 2016) (cleaned up). Here, it is

undisputed that Plaintiff repeatedly and willfully disregarded orders from her supervisors for at

least a year. This type of continuous insubordination impacts an employer's ability to maintain

employee discipline and efficiency, and thus supports the MSPB's determination that Plaintiff's

termination was reasonable.

Accordingly, Plaintiff's claim under the Civil Service Reform Act is hereby **DISMISSED**

**WITH PREJUDICE**.

## CONCLUSION

For the aforementioned reasons, Defendant's Motion for Summary Judgment is hereby

**GRANTED** and Plaintiff's case is hereby **DISMISSED WITH PREJUDICE**. Judgment shall be

entered accordingly.

**CIVIL NO.** 21-1091 (JAG)                                                                 8

IT IS SO ORDERED.

In San Juan, Puerto Rico, this Sunday, March 31, 2024.

<u>s/ Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge